For today is the United States versus Dillard. We've got cross appeals here. I think Ms. Rottenborn, you're the first up. Be pleased to hear from you. Good morning. May it please the court. Laura Rottenborn on behalf of the United States Appellant. The district court respectfully abused its discretion. Now, you're from Roanoke or from? Yes, Your Honor. I'm from Roanoke. Okay. Headquarters of the Washington. You're not from Washington, D.C. I was going to welcome you down here from Washington, D.C. We had some fellows that couldn't get here because of the snowstorm. We had a lot of snow in Roanoke yesterday. It was Baltimore. Anyway, I'm sorry. I didn't mean to get off on a tangent. You go right ahead. Thank you, Your Honor. The district court abused its discretion when it denied restitution to Mr. Dillard's non-contact victims in this case, when it applied the legal standard from the dissenting opinion in Paroline instead of from the majority opinion. As this court is well aware, Paroline is the seminal decision on restitution in child pornography cases, and the court resolved the open question of whether a defendant who possesses child pornography must pay restitution to the victims whose childhood abuse is depicted in those images, even if the victim did not know that that particular defendant was one of an untold number of offenders who had his or her images. And the Supreme Court unequivocally answered that question in the affirmative. They said, yes, the offender must pay restitution in that case. The court held that producers, traffickers, and possessors of child pornography are all part of the vile phenomenon of that industry. And it is close to impossible, if not actually impossible, to identify any type of incremental proximate result one offender has on a victim's loss from another. And the court thus held that a but-for causation standard with respect to restitution simply is inappropriate and not practical in these types of cases. So your position is that that Supreme Court case controls? Yes, Your Honor, absolutely. And so, and that's, so it's a pretty easy case that, that, that applies to the non-contact victims? Yes, Your Honor. And that the court's ruling has to be reversed? That is absolutely correct, Your Honor. From our perspective- Now, do you have any, does your cross appeal have anything to do with the contact victim award? Restitution award? Mr. Dillard has cross appealed on the award to the contact victim. Yes, Your Honor. You're the appeal. Right. But does your appeal have to deal with that at all? You're not complaining about that? Correct, Your Honor. Our appeal has nothing to do with the contact victim and we are prepared to defend the court's ruling. You're only appealing on the non-contact victim? Yes, Your Honor. That is correct. That is exactly right. So on the non, on the contact victim, are you going to do, talk about that one in your rebuttal? Yes, Your Honor.  with respect to our appeal. So yes, Your Honor. And if the court wishes for me to entertain questions on that now, I'm happy and prepared to do so. It was my understanding that logistically I was supposed to wait. I'm taking an order, but I just wanted to make sure that I understood it right. I'm sure they already did, but, but your point is pretty simple then, that the Supreme Court decision entitles the non-contact victims to an award. Yes, Your Honor. Uh, how's the judge supposed to figure out what award to get? Right. So that's exactly right. There are two inquiries here and you are correct that it is the government's view that this is a very simple case that the district court regretfully applied the exact opposite of what the Supreme Court required in Paroline by requiring a specific knowledge but for causation element when that is specifically precluded and foreclosed by the Paroline decision. So you're absolutely right there. The second part of the inquiry, Your Honor, which is what you're getting at is assuming the district court erred as he did and misapplying Paroline and requiring the government to meet a higher causation burden than it should, had the government met the causation requirement or assuming that the government does by the very nature of the fact that Mr. Dillard has admitted to possessing these images, then how much restitution is this particular offender responsible for paying? And that isn't... The district court hasn't addressed that point yet. That's exactly right, Your Honor. Because the district court applied the wrong legal standard, it's very difficult to apply the facts to the correct legal standard now here on appellate review, it seems to me that the district court would have to apply the right legal standard and then apply the facts to that correct legal standard for this assessment to be made. However, as a matter of concept or the legal issues that might inform the district court and it might inform this court's decision going forward, I think there are two tenets that help us answer your question. Do we need to get into that? To a certain extent, yes. Only because restitution here is mandatory and I just want to make sure the court understands here that even if, for whatever reason, the district court, you found that there is, even if you found that there was error in the district court's legal application and you were looking at the facts, some type of restitution is mandatory. And the Paroline decision stated that even if a possessor is deemed to have a very low relative role. Judge King's question, why would we get in, if the district court's never addressed that because it applied the wrong legal standard, why would we speculate about what the district court might do when it goes back and applies the right legal standard? You're right, Your Honor. You should not. From our perspective, the district court applied the wrong legal standard. Case over. It needs to be reversed and remanded for further proceedings. Your appeal, if we agree with you, if we need to say that the Supreme Court decision controls, there has to be an award of restitution as to each of the contact victims, it's mandatory, and send it back. Yes, Your Honor. Period. Period. End. Yes. All right. So we need to... So if the court doesn't have any questions or concerns about the relative causal role here, I will move on from that and we'll rely on our opinion on whether the standard was applied and that alone warrants reversal and remand in this case. If the court has any questions about that second prong... You're satisfied to do it that way. You've briefed and whatever else, but we could go on to the other appeal and then you could come back on the, on that cross appeal on the contact victim. Absolutely, Your Honor. Happy to do so. Why don't we move on to that then if there are no further questions from this court. Thank you very much. All right. Mr. Cargill. Good morning, Your Honor. Good to have you here, sir. Nice to be here. And may it please the court. I'll begin by addressing the government's appeal first and get to the contact victim later. The problem with the government's position with respect to the non-contact victim is, victims, is that the government has it about half right. Paroline does indeed apply to the non-contact victims and it sets the standards and the statute itself requires restitution in these types of cases. 2259 does require restitution, but the government still bears the burden of proving the amount of the loss as to each of those non-contact victims. It's not enough to show that all of these non-contact victims in this case suffered the general harm associated with the trade in pornographic images. That's the first part of Paroline. The government's opinion says that since the government didn't show evidence that connected harm created by this particular defendant, there's nothing in the record establishing the knowledge of this case has resulted in any harm. The government has failed to show that the victim was actually aware that this defendant possessed evidence of that abuse. And because of that finding, the court said that restitution is not appropriate. And opposing counsel says, well, Paroline says that's just dead wrong. So if we were to agree with the government on this point, wouldn't we just tell the district court to do it over because they got the legal standard wrong? So having gotten a legal standard wrong, we don't know what they would do if they applied the right legal standard. Because, Your Honor, the second half of this is the problem. Even though the district court- Conceding the district court applied the wrong legal standard? I am conceding, Your Honor, that that portion of the district court's opinion misapplies Paroline. Yes. Then you're conceding error. So you're conceding the government's appeal and conceding it has to go back. I am not, Your Honor. I'm conceding inconsequential error. The district court got the issue right because the district court determined that the government had not met its burden of showing losses as to these non-contact victims. What the government did in this case is- Yeah, but the court said that because of the wrong standard it applied, restitution is not appropriate. I mean, why doesn't that end this part of the case? Because, Your Honor, there was no evidence before the district court that would allow it to make a reasoned decision as to restitution as to the non-contact victims. There was no case-specific evidence offered as to the non-contact victims. Paroline says the harm associated with child pornography is the trade of the images, and the government was able to show that, the 1,350 pages of victim impact statements and other materials submitted to the district court. But what Paroline also said is it's still the government's burden to show some causal connection between what this defendant did and those losses. Where does Paroline say that? Your Honor, it says- In a dissent? No, no, no. In the majority decision, Your Honor, the case says, to quote the language, the relative role in the causal process. That's what the government is required to show, a link between what the defendant has done and the harm to each of these victims. And the portion of the opinion, Your Honor, which talks about the factors that the district court should consider in making the determination, the number of images, what the images depict. You're not claiming that's an exclusive list, are you? It is not, Your Honor, but the government still must show some case-specific evidence linking what this defendant did as to these non-contact victims, and that's the fatal flaw in the government's case here. Case-specific, where do you get that? Those are the factors that are listed in Paroline, Your Honor. What the defendant did with respect to this victim. Did this defendant possess this victim's images? Did this defendant only possess or possess and distribute? What did the images depict? Didn't he plead guilty? He did plead guilty, but he pleaded guilty, Your Honor, to three counts of production of child pornography with respect to the contact victims, and one all-encompassing count of receipt and distribution of child pornography in general. There was no evidence before the district court linking what my client did with respect to these specific non-contact victims, no evidence offered as to how many images of these victims he possessed, whether he possessed them and distributed them or just possessed them, what the images depicted as to these non-contact victims. If you send this back, Your Honor, basically what you're allowing the government to do is a do-over. It didn't get it right the first time. It did not present any cases. What the district court said in its order when it got to that, the part you're talking about now, what it said is I need two things at a minimum, how much restitution has been awarded by other courts and how much restitution has been collected by each victim, neither one of those show up in this list, and I thought the statute said as to the second one that you ignore compensation from any other source, which would seem to indicate the district court was an error in how it said that the damages should be calculated. Your Honor, I am not defending word for word what the district court held in this case, but I am defending on the merits of the decision. The judge got it right when he denied restitution because the denied restitution has the non-contact victims. But if you apply the wrong legal standard and he said the elements I need to prove damages are also wrong, it just seems like to me it's pretty hard to say you don't send it back to do it again. Well, I respectfully disagree, Your Honor. This court can affirm the district court's decision if it's correct. And it is correct because the government did not meet its burden of establishing losses as to these non-contact victims. There was no case-specific evidence. There was nothing linking what my client did as to these non-contact victims. You can go through this 1,350 pages of materials and you will not find a single link between what my client did and the claimed losses on the part of these non-contact victims. In fact, if you look at the submissions, several of these victims' attorneys asked for the very information that the government did not present to the district court, like how many images of my client victim did Mr. Diller possess? Did he possess or did he just, did he possess and distribute or just possess? None of that information was provided to the district court. And that's an independent basis. And this court routinely, I'm usually on the other end of this, this court routinely affirms the district court decision where there is some other basis that justifies it that may not have been relied upon by the district court. And I submit to the court that you can do that with respect to this non-contact victim issue. If I may move on to my appeal as to the contact victim, the court will recall that as to the contact victim, the government presented the statement of the totaled $3,590. The government asked me whether I would agree to double that to take into account the possibility that that might be understated, that more counseling might be necessary, and we agreed to it. So the only evidence... So you all negotiated doubling that? I wouldn't say we negotiated. It wasn't a back and forth. It was the government offered the counselor statement indicating $3,590. The government said, well, we're going to ask the court to double it. Do you agree to that? And I said, I don't object. That's how it happened. There was no, it wasn't a back and forth. So your argument is there wasn't sufficient evidence for the $100,000 restitution? Correct. Okay. How is that not waived by your plea agreement? Because that's an illegal sentence, Your Honor. It's beyond the bounds of the statute. It sounds like a sufficiency of the evidence argument. I'm sorry, Your Honor, I'm not following you. Well, how is it an illegal sentence? Because $2,259, 18 U.S.C., Your Honor, $2,259 limits restitution, the amount of the loss. And a restitution award that is beyond the amount of the loss is an illegal sentence, just like in Broughton-Jones, just like the court said in Cohen. A court that goes beyond... Out-of-pocket losses or something, is it? It's limited to cost incurred, Your Honor, or estimated cost to be incurred. And in this case, the only evidence of cost incurred, the only evidence, the amount of the loss was the statement of the counselor documenting $3,590. What did the judge say as to why he raised it from $77,000 to $100,000? Basically what the judge said, Your Honor, is I've looked at all these other non-contact victims and their counseling expenses and their losses are so much greater than the amount sought by this contact victim, I think it's more appropriate to award $100,000. And that's clearly, we submit error. That's beyond what the statute allows. Is the error a lack of evidence to support the amount that's set, or is the error that the district court failed to explain how it arrived at the amount? Of restitution. I think it's, I think it's the former, Your Honor. There was no evidence whatsoever to support an award beyond the $7,180 that was agreed to by the parties. That the district court's explanation for how it arrived at $100,000 is sufficient? No, I think that was insufficient, Your Honor, because it's not based on the evidence. It has to be based on evidence of cost incurred, the amount of the loss by this victim, and extrapolating from what happened in other cases would be like saying, because the average of bank robberies was $100,000, this bank robber who took $5,000 ought to pay $100,000. 2259 is not a statute that allows for an award of restitution for things like consequential damages, punitive damages, emotional harm. It's based on hard evidence of costs incurred, amount of loss. And here, the only evidence of the amount of loss was the statement of the counselor documenting $3,590. I'm not saying that his motives, Judge Kiser's motives weren't good. Who wouldn't look at this case and say that this girl ought to get a blank check? But 2259 is not the vehicle for that. 2259 is based on hard evidence of costs incurred and the amount of the loss. And the district court basically speculated in the amount of $100,000, as opposed to having it based on the hard evidence of a loss amount. So we submit, Your Honor, that as to that issue, with all respect to Judge Kiser, that he got it wrong, that he should, he should have only awarded the $7,180 that was agreed to by the parties. Well, if we agreed with you, your request for relief is to vacate and remand with instructions to enter a restitution award of the $7,000? $7,180, Yes, Your Honor, as to the contact victim. And to reverse Judge Kiser as regards the non-contact victims without remand. Because of an evidentiary issue, because there was simply no evidence linking what my client did with respect to the non-contact victims, the second part of Harp Paroline, I don't deny for a minute that the government presented ample evidence showing the general harm to these non-contact victims associated with the trade of their images over the internet. Clearly, the government did that, but what the government did not do is it did not present evidence linking that general harm, tracing some portion of that general harm to my client. And that's the flaw in the case. And yes, Judge Kiser's language was inconsistent with Paroline, but on the bottom line question of whether he got it right in denying restitution on this record, I would submit to you that he got it right. And this court can, and often does, look at the record and determine that perhaps the judge got it right, but for different reasons than articulated by the district court. And I think that's the situation with respect to these non-contact victims. So you're up here kind of arguing harmless error. The government's usually on that, doing that, aren't they? I'm usually on the other end of this. Yes, absolutely. Yeah. Help me, what did you say, Judge Thacker, about the appeal waiver? How do you get the right of appeal here? Your Honor, for the same reasons articulated by this court in Broughton Jones and in the Cohen case, where the court said that a restitution award that exceeds what the restitution statute allows is an illegal sentence and it survives a waiver of appeal, no one can agree to be sentenced illegally, be it one day beyond the maximum penalty, or in this case, an amount that exceeds what's allowed by statute, and the parties are not empowered to bestow upon the district court judge the power to sentence someone illegally, to violate a statute. How does it exceed what's allowable by the statute? Because the statute only allows compensation, Your Honor, if I may, only allows compensation or restitution for the amount of the loss. And if you impose a restitution award that exceeds that, that violates the statute. But you only get to your argument that it exceeds the amount of the loss because you don't think the evidence supports it, right? There is no evidence to support it. That's correct, Your Honor. Okay, then how does that not fall within the waiver? To the same degree that it did not fall within the waiver in Broughton Jones, Your Honor, it's an illegal sentence. If I steal $5 from 7-Eleven and the district court awards $5 million to 7-Eleven Corporation, no matter what I've said in the plea agreement, I have the right to appeal that because that's an illegal sentence. Okay. Thank you, Your Honor. Now you still have some five minutes left. You got some more time. Yeah, Ms. Rottenborn. Judge, should I add some of the time she ceded in the first argument or just stick to this? No, give her that back. Thank you, Your Honor. I will briefly address the concerns with respect to the government's appeal and then move on to the cross appeal. The defense argues that even though the court applied the wrong legal standard, that this court should nonetheless affirm the opinion because there was allegedly no case-specific evidence presented at the restitution hearing. And that's just absolutely inaccurate. And the record does not support that statement whatsoever. Not only was there information presented at the restitution hearing, but Judge Kizer had presided over this entire proceeding and there was substantial evidence in the record, case-specific evidence in the record, tying these non-contact victims to Mr. Dillard. I will identify a few places in the record for Your Honors in just a moment, but I want to make a much more important point, which is that Mr. Dillard admitted to possessing these images. He pled guilty and under Paroline, causation is therefore presumed. If you possess these images and there are still outstanding proven losses by the victim for the continuing traffic in those images, causation is presumed. And this heightened causation standard that is being proffered by the appellee in this case is simply not the law. With respect to the actual evidence so that the court has comfort, at JA62, which was a memo that Mr. Dillard admitted to possessing the images and states that he may have distributed them, in his words, quote, pass them along to others, unquote. At JA1527, which was the Rule 11 hearing transcript, the government's factual proffer includes the fact that Mr. Dillard had hundreds of images, close to 600 in his possession, and that he regularly distributed the CP to others. When asked whether or not Mr. Dillard had any objections to this proffer, the answer was no. And at JA1493, which is the PSR, and it includes all of the offense conduct to which there was no objection from Mr. Dillard, again, it is reiterated that at least once a month for a couple of years, Mr. Dillard sent images either over his mobile phone application or on the dark web. He also pleaded guilty to these offenses. And so there is thus no dispute that he possessed the images, causation is presumed, and the only question that is left is the relative amount of money that Mr. Dillard should be held responsible for. But that question should not be answered by this court on appeal. That question should be answered by the district court applying the facts to the correct legal standard. As for the cross appeal, it is the government's position that the appeal waiver precludes Mr. Dillard from now complaining about the $100,000 award to the contact victim. And Mr. Cargill's argument, respectfully, I think is conflating, as Your Honor has noted, the idea that there's not sufficient evidence to support the award with the fact that the award would be an illegal sentence. And respectfully, I think Mr. Cargill is not defining illegal sentence correctly. Mr. Cargill is correct that an illegal restitution sentence may fall outside the waiver of appeal. However, Cohen, the case that Mr. Cargill cites in his brief, as well as Broughton-Jones, the other case that Mr. Cargill has noted, both make very clear that an illegal sentence is one that the court does not have the statutory authority to order. Here, there is absolutely no dispute that Judge Kaiser had the statutory authority to order restitution. It's governed by Section 2259. That is further than clarified by the Mandatory Victims' Rights Act at 3363. So there's no doubt that he had the authority. The only question is that within that authority, was there sufficient evidence to support his exercise of discretion to award $100,000 to the contact victim? I will be the first to admit that we certainly did not argue for the $100,000. We had only argued for the $7,000 amount. But I understand where Judge Kaiser's concerns were coming from, that this would be an insufficient fact. That's exactly right. Do you have any cases that deal with appeal waivers in the restitution context that center on what appears to be just an evidentiary dispute as opposed to some matter as a legal principle? Yes, Your Honor. The Cohen case that is cited in... That's the best case. I believe that's the best published opinion. Yes, that's a Fourth Circuit opinion. That's our case? It's your case. It's from 2006. And the exact argument was made, which is that the appeal waiver did not apply to the restitution order. The court went through the analysis that there is no inherent authority of the court to order restitution. But in that case, the MVRA provided statutory authority. And so the only remaining issue was whether or not the district court had correctly calculated the amount of money that those victims should receive. And the Fourth Circuit held that that question, the calculation of the correct amount of restitution based on the evidence, is within the scope of the waiver and therefore upheld the waiver and precluded the appellant from proceeding on the merits. And that's the... Who's on the panel? You got that there? Yes, Your Honor. I didn't mean to take all of that. It was Judge Traxler wrote the opinion on behalf of Judge Niemeyer and Judge Goodwin. Okay. And that's the exact issue that is before this panel today, which is not whether or not the court has statutory authority to issue the restitution to the contact victim, but whether or not the calculation of that amount of restitution should be subject to review despite the appellate waiver. And the answer to that is clearly no. It's within the scope of the waiver. This was part of the plea process. Mr. Dillard received substantial benefits from his plea agreement and so did the government. And one of the benefits the government received was to have an appeal, a waiver of Mr. Dillard's appeal rights, including a waiver of his right to appeal this type of restitution. If we apply the appeal waiver, that's the end of the cross appeal. Yes. And we're back to your appeal, the government's appeal, on the non-contact victims. Yes, Your Honor. And we believe that both of those are simple questions with simple answers. The judge applied the wrong legal standard with respect to the non-contact victims and the appeal waiver precludes Mr. Dillard's cross appeal. End of story on both of them. Let's say instead of a hundred thousand dollars, the district court decided to go from the 7,000 the parties reached an agreement on to a million dollars. Our position would not change, Your Honor. From our perspective, when you are agreeing as part of a plea bargaining process to waive your right to appeal the restitution order, the calculation, the amount of that restitution order, that would include a waiver of the hypothetical Your Honor just posited. With respect to what would count as an illegal sentence when the waiver would not apply, Mr. Cargill has pointed the court to the Broughton Jones case, which is also a fourth circuit case from 1995. And I want to highlight that this further supports the government's position because in that case, the defendant pled guilty to perjury, but the judge awarded restitution to the victims of wire fraud charges, which were dismissed. And the plea agreement in that case did not allow for the dismissed counts to constitute either relevant conduct or offense conduct for purposes of restitution. And so in that case, the court was awarding restitution to victims of a crime that the defendant was not convicted of committing. And because there was therefore no statutory authority for the court to issue restitution, then the fourth circuit found that the appeal waiver there was not binding because the, um, the lack of statutory authority took the matter outside the scope of the waiver. That is dramatically different than admitting here that the court had statutory authority and just quibbling over the amount of the restitution based on the evidence presented. Last out. Let me ask you on the non-contact victims. Apparently there's one who has withdrawn a request for restitution. Yes, Your Honor. So that person would assume that we agreed with you, that person would come out of any remand order. Yes, Your Honor. I'll just close with this, that if Mr. Diller's position were to be accepted by the court, that an appeal waiver does not cover the calculation of the amount of restitution based on the evidence before the district court, then in essence, the government would never be able to secure a waiver of an appeal of a restitution order because every time the district court says it does not cover the correct amount of restitution, the defense would argue that that would make it an illegal sentence if they disagree with the amount of restitution. Did you write this waiver of appeal? It is the Western District of Virginia standard waiver of appeal language. It's not coverable, does not mention restitution in particular, does it? The waiver section says it will not appeal any order of this court in connection with these proceedings. It does not define order to include restitution order, but it is the government's position that when it says. Four different ways. I mean, I expressly waive the right to appeal my sentence on those grounds or any grounds or on any ground. In addition, I waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal, I'm knowingly and voluntarily waiving any right of appeal. By signing this agreement, I'm explicitly and irrevocably directing my attorney not to file a notice of appeal. That's exactly right, Your Honor. You all just keep saying it over and over. We sure do. And our position is that the fact that he has waived to appeal on any ground would certainly cover a restitution order in this case. And then a few pages later in the plea agreement, of course, is the language governing Mr. Dillard's restitution obligations, which further reiterate his understanding and agreement to make full restitution in the amount calculated here. So we certainly acknowledge that he did not admit or agree in his plea agreement to pay the $100,000, but he did agree to pay full restitution and not appeal any order or any ground that the district court used to then award that restitution figure. And if a defendant could get around that waiver by arguing that the calculation of the restitution award somehow makes it in a legal sentence, then there will never be an appellate waiver for restitution that can be enforceable, and that simply cannot be the case. If the court has no further questions, then we'll stand on the rest of the arguments in our brief. Thank you for your time. Thank you very much. Mr. Cargill, you get the last word. Here's the language, Your Honor, from Paroline. From what? From Paroline. Sure. Go ahead. Quote, where it can be shown both that... What page are you on? I'm on... Well, go ahead and tell me. Page 734 of the opinion, Your Honor, where it can be shown both that a defendant possessed the victim's images and that a victim has outstanding losses caused by the continuing traffic in those images, but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying Section 2259 should order restitution in an amount that comports with defendant's relative role in the causal process that underlines the victim's general losses, unquote. And I read that to mean that it's not enough to just show general harm, that the government still has the burden of tracing some amount of the loss to this particular defendant, and that's the fundamental problem in this case. The government did not do that. My client pleaded guilty to be sure, but there was no itemization and the government never provided to the district court any itemization as to these particular non-contact victim. On my client's computer, there were hundreds of images and no one ever detailed which of those images, how many of those images involved these non-contact victims and whether he possessed them only or possessed them and distributed them. And you'll search the record in vain for any evidence of that. And if you look at joint appendix at page 160 and at page 1144, you'll see that the victim's own attorney's asked for this information of the government, the victim's own attorney's asked for this information and never got it and the district court didn't get it either. And so, yes, I agree Judge Kizer got the standard wrong, but on the merits of whether he got the decision correct, I would submit that he did get it correct. On the waiver issue, Your Honor, Cohen is different. In Cohen, the defendant agreed to pay restitution in any amount awarded by the district court. He knew, he knew when he waived appeal in that case that the sky was the limit. That's knowing intelligent waiver. That's not what happened here. My client agreed to make restitution as required by law. There's a dispute in the evidence. The government puts on some evidence about how much damage is done. The defendant puts on some evidence about how much damage is done and the numbers are different. And the district court picks the higher number. Does an appeal waiver apply then? I mean, they picked a number. It probably does, Your Honor. After the court did what it did in Broughton-Jones and after the court did what it did in Cohen, after the court looks at the calculation and that is that it was legal. In Cohen itself, Your Honor, which applied waiver, the court still looked at the loss calculation, still looked at the restitution amount and decided it was correct. But wouldn't you be saying that the evidence was insufficient, that the government's evidence in that hypothetical was insufficient, and that the only sufficient evidence is what you put on to establish restitution and that because of that, any amount over your evidence would be an illegal sentence? I'm saying, Your Honor, that in that circumstance, what this court would do was it would say, you've waived appeal. We're going to look at the calculation just like it did in Cohen, just like it did in Broughton-Jones, and we're going to decide whether it still complied with the statute. And if it did, then we're going to apply waiver, period. That is what happened in Cohen, and that is what happened in Broughton-Jones. The court still looks at the merits of it to determine whether it was legal, whether it was lawful, and in Cohen, the defendant agreed to pay whatever amount of restitution awarded by the district court. My client agreed to pay restitution as required by law, and he did not agree to waive his right to appeal an illegal sentence. And a restitution award that is beyond what the statute allows is an illegal sentence, just like in Broughton-Jones, just like in Cohen, and just like virtually every other court of appeals has decided, that is that a restitution award that exceeds the amount allowed by statute is an illegal sentence, not subject to the general waiver of appeal. Thank you, Your Honor. Thank you, sir. We'll come down and greet counsel and adjourn. Sine die. This honorable court stands adjourned. Sine die. God save the United States and this honorable court.
judges: Robert B. King, G. Steven Agee, Stephanie D. Thacker